IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R.M., an individual, E.M., an individual, and JOHN DOE, LLC, a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>DENNIS, JACKSON, MARTIN & FONTELA, P.A., a foreign professional corporation, MARIA A. SANTORO, an individual, and SCOTTSDALE INSURANCE COMPANY, a Delaware corporation d/b/a NATIONWIDE, BRIAN BARLOCKER, an individual, and DOES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00064-DB<br><br>District Judge Dee Benson |

Before the court is Plaintiff's Motion for Remand to the Third Judicial District Court for Salt Lake County, Utah. Dkt. No. 5. The motion has been fully briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## FACTUAL BACKGROUND

Plaintiff's complaint contains the following allegations. Plaintiffs are residents of Salt Lake County, Utah. Compl. at 2. Defendant Brian Barlocker is a Utah resident. *Id.* No other named defendants are domiciled in Utah. *Id.*

Defendant Scottsdale Insurance Company ("Scottsdale") was the liability insurer for Plaintiff John Doe LLC in a personal injury lawsuit in Florida involving the explosion of an e-cigarette battery that damaged several of the user's teeth. *Id.* at 2-4. Scottsdale hired a law firm, Defendant Dennis, Jackson, Martin & Fontela, P.A. ("Dennis Jackson"), to defend the suit. *Id.* at 4. The firm assigned Defendant Santoro as lead attorney on the case. *Id.* Defendants discussed settlement offers with the Florida plaintiff but did not reach a final settlement. *Id.* at 5-6. The case went to trial and the jury found for the Florida plaintiff, returning a verdict of $2,048,000 in damages plus hundreds of thousands of dollars in attorney's fees and costs. *Id.* at 8. On August 27, 2019, after the judgment was affirmed on appeal, Scottsdale agreed to pay the entire judgment including attorney's fees and costs. *Id.* at 10.

On or about December 23, 2019, Plaintiffs filed the instant suit in the Third District Court for the County of Salt Lake, State of Utah. Dkt. No. 5 at 2. Plaintiff alleges causes of action stemming from Defendants' mishandling of the case. Compl. at 10-25. The only cause of action asserted against Defendant Barlocker is a claim for intentional infliction of emotional distress stemming from his alleged cancellation of Plaintiff's insurance policy on short notice. *Id.* at 16-17. On February 3, 2020, Defendant Scottsdale filed a Notice of Removal in this court asserting the federal court's diversity jurisdiction and claiming that Barlocker was fraudulently joined. Dkt. No 2. On February 7, 2020, Plaintiffs filed this motion to remand the case to state court. Dkt. No. 5.

## **DISCUSSION**

Plaintiffs assert three grounds for remanding the case to Utah state court. First, they argue that this court lacks subject matter jurisdiction because Barlocker is a Utah citizen and is a

proper defendant. Dkt. No. 5 at 3-7. Second, they argue that Scottsdale waived its right to remove the case to federal court by expressly submitting to "the jurisdiction of any court of competent jurisdiction within the United States." *Id.* at 7-9. Third, they argue that Scottsdale's notice of removal was not timely under 28 U.S.C. § 1446. *Id.* at 9-10. Plaintiffs also request costs and attorney's fees because "the Defendant's removal is a ploy." *Id.* at 10-11.

**Diversity of Parties**

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if . . . there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Because Plaintiffs are all Utah citizens and Barlocker is a Utah citizen, the suit cannot proceed in federal court if Barlocker is properly joined as a defendant in this action. In its removal notice, however, Scottsdale claims that Barlocker is an improper defendant, and that "Plaintiffs fraudulently joined him to defeat diversity jurisdiction." Dkt. No. 2 at 5. Fraudulent joinder is "when the plaintiff joins a 'resident defendant against whom no cause of action is stated' in order to prevent removal under a federal court's diversity jurisdiction." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). A party will prevail on a claim of fraudulent joinder where they can demonstrate the non-liability of the defendant at issue "with complete certainty upon undisputed evidence" and where that defendant's "continued joinder serves only to frustrate federal jurisdiction." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

Plaintiff revised allegation states that Barlocker committed the tort of intentional infliction of emotional distress because, "with less than 24-hours' notice, [he] called R.M. and notified him that the [insurance policy] was going to officially terminate as of the very next day .

3

. . ." Dkt. No. 13 at 4.  In Utah, a plaintiff alleging intentional infliction of emotional distress must show that (i) the defendant's conduct was "outrageous and intolerable in that it offended against the generally accepted standards of decency and morality," (ii) the defendant "intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress," (iii) the plaintiff "suffered severe emotional distress," and (iv) the defendant's conduct "proximately caused [the plaintiff's] emotional distress." *Retherford v. AT & T Commc'ns of Mountain States, Inc.*, 844 P.2d 949, 971 (Utah 1992).

The allegations here cannot sustain a claim of intentional infliction of emotional distress. Plaintiffs do not allege conduct by Barlocker that was "outrageous and intolerable" under Utah law.  Plaintiff R.M.'s declaration states, "I received a call from our insurance agent, Brian Barlocker.  Mr. Barlocker told me . . . that Scottsdale Insurance was no longer going to cover us, and that our insurance was going to terminate the very next day."  Dkt. No. 13 Ex. 2 at 3.  A call notifying a client of the termination of an insurance policy, even where the policy was to terminate the next day, is not "outrageous and intolerable."  Even if it had been unreasonable or unfair for Barlocker to make that call, "outrageous and intolerable" conduct must be "more than unreasonable, unkind, or unfair."  *Franco v. The Church of Jesus Christ of Latter-day Saints*, 21 P.3d 198, 207 (Utah 2001).

Plaintiffs give no examples of Utah courts upholding claims for intentional infliction of emotional distress on similar allegations or facts.  Utah courts have, however, dismissed claims for intentional infliction of emotional distress when the actions alleged were more harmful.  *See, e.g.*, *Bennett v. Jones, Waldo, Holbrook & McDonough*, 70 P.3d 17, 32 (Utah 2003) (pursuing an improper lawsuit was not "outrageous and intolerable"); *Oman v. Davis Sch. Dist.*, 194 P.3d 956,

960 (Utah 2008) (firing an employee from his job of 20 years was not "outrageous and intolerable"). The undisputed evidence here shows that Barlocker did no more than call Plaintiffs to inform them that their insurance policy would not be renewed at the end of its term. It therefore demonstrates Barlocker's non-liability with complete certainty. As his "continued joinder serves only to frustrate federal jurisdiction," Defendant Barlocker is dismissed as fraudulently joined.

**Waiver of Removal**

Parties may contractually agree to waive the right to remove a case to federal court. *See, e.g.*, *American Soda, LLP v. United States Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005). "[A] waiver of one's statutory right to remove a case from a state to a federal court must be 'clear and unequivocal.'" *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). Plaintiffs claim that such an express waiver is present here, citing the following contract language:

> "It is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give the Court jurisdiction."

Dkt. No. 5 Ex. C at 2. Scottsdale does not dispute that the parties are bound by this provision, but it claims the language does not waive removal to federal court. Dkt. No. 9 at 3-6. First, Scottsdale argues that it only applies if Scottsdale fails "to pay any amount claimed to be due under this policy," and the current suit is purely for extra-policy damages. Second, Scottsdale argues it is not a "clear and unequivocal" waiver of the right of removal.

The court need not address whether the language is "clear and unequivocal" enough to waive Scottsdale's statutory right of removal because the contract language on its face does not apply to this action. Scottsdale paid the full policy amount (and more) to settle the Florida action. Plaintiffs cannot therefore seek any funds "claimed to be due under [the] policy," and they include no such claim in their complaint. Plaintiffs cite Utah case law declaring that an insurer's eventual payment of funds due under the policy does not cure its earlier breaches of duty or compensate an insured for damages suffered as a result of any earlier breach. Dkt. No. 13 at 8-9; *Campbell v. State Farm Mut. Auto. Ins. Co.*, 840 P.2d 130, 140 (Utah App. 1992). But this principle merely means that Scottsdale may not dismiss this entire action by citing its full payment of the Florida settlement. It does not mean that the specific policy language at issue applies to an action where Plaintiffs only seek extra-policy damages. Plaintiffs do not, and indeed cannot, seek any funds "due under [the] policy" in this action. The service-of-suit clause therefore does not apply here.

**Timeliness of Removal**

Third, Plaintiffs contend that Scottsdale's notice of removal was untimely. The United States Supreme Court has held that the 30-day period to remove cannot begin before the defendant is "officially summoned to appear in the action." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). "[A] named defendant's time to remove" is not triggered "by mere receipt of the complaint unattended by any formal service." *Id.* While counsel for Plaintiffs emailed copies of the summons and complaint to counsel for Scottsdale on December 23, 2019, Scottsdale was formally served on January 6, 2020 and filed its notice of removal 28 days later. Dkt. No. 2 Ex. 3 at 1-2.

Plaintiffs rely on a tenuous chain of inferences to suggest that Scottsdale's notice of removal was untimely. They argue that because an attorney *may* accept service on behalf of their client by acknowledging receipt of the summons and complaint, and because the Utah Rules of Civil Procedure include a duty of all parties to avoid unnecessary expenses related to service, an attorney *must* accept service as soon as they receive the complaint in any form (because failure to do so would result in unnecessary expense). Dkt. No. 13 at 2-3. Although creative, this reasoning attempts to change the permissive language of URCP 4(d)(3)(C) to mandatory language. Rule 4(d)(3) outlines methods of acceptance without conferring a duty on defendants to accept atypical service. At its outset, Rule 4(d) states, "Unless service is accepted, service of the summons and complaint must be by one of the following methods:" personal service, mail, commercial courier service, or limited alternative methods in circumstances not applicable here. URCP 4(d). Counsel for Scottsdale *could* have accepted service after receiving the email on December 23 and thereby satisfied the requirements of Rule 4(d). But Scottsdale's counsel had no *duty* to accept service at that time—the general duty of all parties to avoid unnecessary expenses does not confer a duty on defendants to accept service that does not otherwise conform with Rule 4. The 30-day period to remove began when Scottsdale was properly served on January 6. Removal 28 days later was timely.

**Attorney's Fees**

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). No unusual circumstances exist here, and

7

Scottsdale had an objectively reasonable basis for seeking removal. An award of attorney's fees is therefore not appropriate.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is hereby DENIED. Defendant Brian Barlocker is dismissed from the case. Plaintiffs' request for attorney's fees and costs is DENIED.

DATED this 19 day of March, 2020.

BY THE COURT:

_____
Dee Benson
United States District Judge