IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R.M., an individual, E.M., an individual, and JOHN DOE, LLC, a Utah Limited Liability Company,<br><br>              Plaintiffs,<br><br>v.<br><br>DENNIS, JACKSON, MARTIN & FONTELA, P.A., a foreign professional corporation, MARIA A. SANTORO, an individual, and SCOTTSDALE INSURANCE COMPANY, a Delaware corporation d/b/a NATIONWIDE, and DOES I-X,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:20-cv-00064-DB<br><br>District Judge Dee Benson |

Before the court is Defendant Dennis, Jackson, Martin, and Fontela, P.A. ("Dennis, Jackson") and Defendant Maria A. Santoro's Motion to Dismiss for lack of personal jurisdiction. Dkt. No. 7. The motion has been fully briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

**FACTUAL BACKGROUND**

Dennis, Jackson is a law firm based in Florida. Dkt. No. 7 at 2. It has two offices, one in Tallahassee, Florida and one in Jacksonville, Florida. *Id.* On or around January 30, 2017, Defendant Scottsdale Insurance Company contacted Dennis, Jackson and requested that it defend

its insured, R-L Sales, LLC (Plaintiff John Doe, LLC), in a personal injury lawsuit filed in Florida.  *Id.*  R-L Sales, LLC is a Utah corporation.  *Id.*  Dennis, Jackson accepted the assignment and defended the Utah company in the Florida action.  *Id.*  Maria A. Santoro, an attorney at the law firm, was assigned to the case.  *Id.*

Over the course of the litigation, movants communicated with Plaintiffs in Utah via telephone and email.  *Id.* at 8.  Santoro traveled to Utah once to defend the deposition of Plaintiff R. M.  *Id.* at 7.  The events giving rise to the lawsuit occurred in Florida, as did pre-trial negotiations and the trial itself.  *Id.* at 2.  There are no other relevant connections between movants and the state of Utah.  *Id.* at 8.

On December 23, 2019, Plaintiffs filed suit against movants in Utah State Court alleging professional negligence and breach of fiduciary duty, among other claims.  Dkt. No 2 Ex. 2. Scottsdale removed the case to this court.  Dkt. No. 2.  Dennis, Jackson and Santoro now move to dismiss the claims against them for lack of personal jurisdiction.  Dkt. No. 7.

## DISCUSSION

Federal courts follow state law in determining the bounds of their jurisdiction over persons.  *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  Utah's long-arm statute "assert[s] jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."  Utah Code Ann. at § 78B-3-201(3).  The sole inquiry, then, is whether the exercise of jurisdiction over these defendants comports with constitutional due process requirements.

Personal jurisdiction over a nonresident defendant satisfies due process if there are sufficient "minimum contacts between the defendant and the forum State."  *World–Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (quotations omitted).  Minimum contacts may support general or specific jurisdiction.  *Id.*  General jurisdiction requires that a defendant have contacts with the forum "so continuous and systematic as to render [it] essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  For specific jurisdiction, the defendant must have sufficient minimum contacts with the forum state, and jurisdiction over the defendant cannot offend "traditional notions of fair play and substantial justice."  *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987).  "The minimum contacts necessary for specific personal jurisdiction may be established where the defendant has purposefully directed its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."  *Trujillo v. Williams*, 465 F.3d 1210, 1218 (10th Cir. 2006) (citations and quotations omitted).

     Movants have no continuous or systematic contacts with Utah and are plainly not subject to general personal jurisdiction here.  Plaintiffs argue that movants are subject to specific personal jurisdiction in Utah because they agreed to represent a Utah company and have contacts with Utah arising from that representation.  But movants were enlisted to represent the Utah company at the request of the company's insurer; they made no purposeful efforts to solicit clients in Utah.  The events giving rise to the representation occurred in Florida, all in-person negotiations took place in Florida, and the case went to trial in Florida state court.  None of movants' acts during their representation of R-L Sales, including Santoro's defense of a deposition in Utah, were "purposefully directed" toward Utah.

The Tenth Circuit spoke directly to this question in *Newsome v. Gallacher*: "[A]n out-of-state attorney working from out-of-state on an out-of-state matter does not purposefully avail himself of the client's home forum's laws and privileges, at least not without some evidence that the attorney reached out to the client's home forum to solicit the client's business."  722 F.3d 1257, 1280–81 (10th Cir. 2013).  The only activities directed at Utah by movants were "the normal communications that make up an active attorney-client relationship," which were insufficient to support jurisdiction in *Newsome*.  *Id.* at 1280.  The Tenth Circuit agreed with the majority of jurisdictions that in such instances, "[t]he client's residence is . . . a mere fortuity." *Id.* (citations and quotations omitted).  Plaintiffs are therefore not subject to specific personal jurisdiction in Utah on the basis of their representation of a Utah company.

Plaintiffs next argue that movants are subject to jurisdiction in Utah because they are agents of Scottsdale, and Scottsdale is subject to jurisdiction in Utah by virtue of its contract with R-L Sales, LLC.  They argue that Scottsdale used movants "as a means of investigating, evaluating, and deciding whether to settle the claim" and that movants are therefore subject to personal jurisdiction in Utah as an extension of Scottsdale.  This contention reverses the typical "agency theory" argument for personal jurisdiction.  The Tenth Circuit has recognized that "a *principal* may be subject to the jurisdiction of the court because of the activities of its *agent* within the forum state" so long as the agent's acts are "within the scope of the agent's employment."  *Taylor v. Phelan*, 912 F.2d 429, 433 (10th Cir. 1990) (emphasis added).  But Plaintiffs argue that an *agent* is subject to the jurisdiction of any state where its *principal* happens to be subject to jurisdiction, regardless of whether the agent's relevant activities occurred within the forum state.  Under Plaintiffs' reasoning, for example, a Florida construction

company hired to construct a building in Florida could be haled into Massachusetts court merely because the project was funded by a Massachusetts investor.  Such a result would drastically expand the parameters of personal jurisdiction over agents and would violate the constitutional due process requirements outlined above.

Movants do not have sufficient "minimum contacts" with Utah for this court to exercise personal jurisdiction over them in this matter consistent with their due process rights.  Movants must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is hereby GRANTED. Defendants Dennis, Jackson, Martin, & Fontela P.A. and Maria A. Santoro are dismissed from the case.

DATED this 16th day of April, 2020.

BY THE COURT:

Dee Benson
United States District Judge