IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R.M., an individual, E.M., an individual, and JOHN DOE, LLC, a Utah Limited Liability Company,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, a Delaware corporation d/b/a NATIONWIDE, and DOES I-X,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:20-cv-00064-DB<br><br>District Judge Dee Benson |

Before the court is Defendant Scottsdale Insurance Company's ("Scottsdale") Motion to Dismiss for lack of subject matter jurisdiction. Dkt. No. 7. The motion has been fully briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## **FACTUAL BACKGROUND**

Defendant Scottsdale Insurance Company ("Scottsdale") was the liability insurer for Plaintiff John Doe LLC in a personal injury lawsuit in Florida involving the explosion of an e-cigarette battery that damaged several of the user's teeth. Dkt. No. 2 Ex. 2 at 2-4. Scottsdale and its agents discussed settlement offers with the Florida plaintiff but did not reach a final settlement. *Id.* at 5-6. The case went to trial and the jury found for the Florida plaintiff, returning a verdict of $2,048,000 in damages plus hundreds of thousands of dollars in attorney's

fees and costs.  *Id.* at 8.  On August 27, 2019, after the judgment was affirmed on appeal,

Scottsdale agreed to pay the entire judgment including attorney's fees and costs.  *Id.* at 10.

On or about December 23, 2019, Plaintiffs filed suit using pseudonyms in the Third

District Court for the County of Salt Lake, State of Utah, alleging causes of action stemming

from Scottsdale's mishandling of the case.  *Id.* at 10-25.  Randy Merrill testified that the

Plaintiffs "pled this complaint with anonymity because we do not wish to further tarnish our

reputation, or the reputation of RL-Sales, LLC."  Dkt. No. 13 Ex. 2 at 2.  Scottsdale removed the

case to federal court on February 2, 2020.  Dkt. No. 2.  On February 5, 2020, Scottsdale filed the

instant motion to dismiss.

## DISCUSSION

Scottsdale first requests dismissal of the case for lack of subject matter jurisdiction

because Plaintiffs filed suit under pseudonyms rather than their actual names without receiving

the court's permission.  Dkt. No. 4 at 2.  In the alternative, Scottsdale requests the court should

strike the complaint and require Plaintiffs to file an amended complaint with their actual names

and without any references to mediation communications.  *Id.* at 2-3.  In their opposition,

Plaintiffs request that the case be remanded to Utah state court. The court has already entertained

a motion to remand the case to state court, denying that motion on March 19, 2020.  Dkt. No. 23.

The court will therefore treat the instant motion as a motion to dismiss with an alternative

motion to strike.

Plaintiffs used pseudonyms rather than their own names when filing this suit.  Rule 10(a)

of the Federal Rules of Civil Procedure provides that "the title of the action shall include the

names of all the parties . . . ."  The Federal Rules thus make no provision for suits by persons

using fictitious names or for anonymous plaintiffs. *Coe v. United States Dist. Court*, 676 F.2d 411, 415 (10th Cir. 1982). "Absent permission by the district court to proceed anonymously . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). "In certain limited circumstances, however, courts have permitted a plaintiff to proceed using a fictitious name where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name." *Id.* (internal citations omitted). The Tenth Circuit has not, however, permitted the use of fictitious names "when only the plaintiff's economic or professional concerns are involved . . . [nor] when there is the threat of criminal or civil prosecution." *Id.* (internal citations omitted).

Here, Plaintiffs have not filed a motion to proceed anonymously and have not otherwise obtained the permission of the court to use pseudonyms. Furthermore, having reviewed Plaintiff's reasons for filing anonymously as stated in the filings, the court finds that Plaintiffs cannot satisfy the requirements established by the Tenth Circuit for proceeding under a pseudonym. Plaintiffs raise only "economic and professional concerns," which are insufficient to support an anonymous filing under Tenth Circuit precedent. *Nat'l Commodity*, 886 F.2d at 1245. Yet the court recognizes that here, unlike in the Tenth Circuit cases cited above, Plaintiffs initially filed this suit in state court and had no reason to ensure that their complaint complied with the Federal Rules of Civil Procedure. Plaintiffs therefore may correct the error by filing an amended complaint with their actual names.

Scottsdale further requests that the court strike the complaint on the basis that Plaintiffs' complaint references privileged mediation proceedings. A motion to strike may be granted

where the complaint includes "redundant, immaterial, impertinent, or scandalous matter."

F.R.C.P. 12(f).  "A matter is 'immaterial' to a pleading, as basis for striking the matter, if it has

no essential or important relationship to the claim for relief or the defenses being pleaded."

*Rees v. PNC Bank, N.A.*, 308 F.R.D. 266 (N.D. Cal. 2015).  "The district court possesses

considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent,

immaterial, or scandalous matter . . . Rule 12(f) motions to strike on any of these grounds are not

favored."  § 1382 Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter,

5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).  Motions to strike privileged information are only

granted when the face of the complaint contains sufficient facts to make a privilege

determination.  See, e.g., *Lindsay v. AmSol, LLC*, 2009 WL 10671859, at *1 (N.D. Ga. Sept. 11,

2009); *MCC Mgmt. of Naples, Inc. v. Arnold & Porter, LLP*, 2008 U.S. Dist. LEXIS 106444, at

*5 (M.D. Fla. Oct. 20, 2008).

     Here, the court declines to exercise its discretion to strike the allegations relating to

mediation communications from the complaint.  Determining whether the communications in

question are privileged under Florida's Mediation Act would require more information than

appears on the face of the pleadings.  Aside from general questions of scope and waiver, the

Mediation Act provides that "there is no confidentiality or privilege . . . for any mediation

communication: . . . [o]ffered to report, prove, or disprove professional malpractice occurring

during the mediation . . . ."  Fla. Stat. § 404.405(4)(a)(4).  Plaintiffs' bad faith claims implicate

many of the same concerns as claims for professional malpractice.  And if these discussions and

communications are not privileged, they are central, not "immaterial," to Plaintiffs' case.

Excluding any allegations that touch on mediation communications would be tantamount to

4

dismissing the case altogether.  The determination of whether the mediation communications in question are privileged will ultimately be made during the course of this litigation.  At the pleading stage, however, the court declines to strike these communications from the complaint.

Plaintiffs are therefore ordered to file an amended complaint that includes their actual names.  Plaintiffs are not required to exclude allegations concerning mediation communications in the amended complaint.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is hereby GRANTED in part. The complaint is DISMISSED with leave to amend.


DATED this 28th day of May, 2020.


BY THE COURT:


Dee Benson
United States District Judge