UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RANDY MERRILL; ELIZABETH MERRILL; and RL-SALES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY d/b/a NATIONWIDE and DOES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER DOCKET TEXT ORDER NO. 99 (DOC. NO. 110)**<br><br>Case No. 2:20-cv-00064-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is the Motion to Reconsider Docket Text Order No. 99 (Doc. No. 110) filed by Plaintiffs Randy Merrill, Elizabeth Merrill, and RL-Sales, LLC. Plaintiffs ask the court to reconsider a prior order granting an unopposed motion to seal filed by Defendant Scottsdale Insurance Company ("Scottsdale"), and they seek to unseal the documents at issue. For the reasons set forth below, the court DENIES the motion.

Plaintiffs brought this action against Scottsdale, RL-Sales' former insurer, alleging Scottsdale failed to provide adequate and unconflicted legal representation for RL-Sales in a Florida products liability case. (*See* Compl. ¶¶ 85–107, Doc. No. 2-2.) In connection with a short form discovery motion, Scottsdale filed exhibits containing (1) deposition transcripts describing communications with counsel in the Florida case and (2) a letter from Florida counsel to Scottsdale and Plaintiffs regarding settlement. (Exs. 3 & 4 to Def.'s Short Form Disc. Mot. on Privilege (Doc. Nos. 77-3 & 77-4 (Redacted); Doc. Nos. 82 & 83 (Sealed)). Scottsdale moved to seal the exhibits on the basis that they contain privileged attorney-client communications and confidential settlement communications. (Mot. to Seal, Doc. No. 79.) Plaintiffs did not file an

1

opposition, and the court granted the motion to seal based on a finding of good cause. (Docket Text Order, Doc. No. 99.)

Plaintiffs now ask the court to reconsider this prior ruling and unseal the exhibits. Plaintiffs explain they failed to file an opposition to Scottsdale's motion to seal due to counsel's medical issues, which they argue constitutes excusable neglect. (Mot. to Reconsider 2, Doc. No. 110; Pls.' Reply Mem. in Support of Mot. to Reconsider ("Reply") 4–5, Doc. No. 130.) They contend sealing the exhibits is contrary to the public interest and unnecessary because (1) the court previously denied a motion to strike references to settlement communications in the Florida case from the pleadings in this case, and (2) RL-Sales waived attorney-client privilege as to the communications at issue by filing this case. (Mot. to Reconsider 3–4, Doc. No. 110.)

In opposition, Scottsdale argues the Florida counsel represented both Scottsdale and RL-Sales in a tripartite relationship between counsel, the insurer, and the insured. (Mem. Opposing Pls.' Mot. to Reconsider ("Opp'n") 2–3, 7, Doc. No. 126.) Scottsdale contends the communications at issue are protected by attorney-client privilege with respect to outsiders to this relationship, and RL-Sales cannot unilaterally waive the privilege. (*Id.* at 7.) Scottsdale also argues the motion to reconsider is moot because the claims for which the exhibits were relevant have been dismissed. (*Id.* at 4–5.)

In reply, Plaintiffs contend Scottsdale was not a co-client and cannot claim attorney-client privilege, citing Florida law and recent deposition testimony from the Florida counsel. (Reply 2–4, Doc. No. 130.) Plaintiffs further argue the exhibits should be unsealed based on the public nature of judicial proceedings and because the exhibits may become relevant if the court reconsiders its prior order of dismissal. (*Id.* at 6.)

As an initial matter, Plaintiffs have failed to articulate valid grounds for reconsideration of the prior order. Motions to reconsider are disfavored, to the extent they are recognized at all. *Swasey v. West Valley City*, No. 2:13-cv-00768, 2017 U.S. Dist. LEXIS 53187, at *6 (D. Utah Apr. 6, 2017) (unpublished). However, a court may reconsider its prior orders to "correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, reconsideration is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Here, Plaintiffs do not argue the court applied an incorrect legal standard in ruling on the motion to seal, nor do they allege any clear error or misapprehension rising to the level of manifest injustice. Moreover, they have not cited any authority supporting their position that excusable neglect provides grounds for reconsideration of a prior ruling. Therefore, the court declines to reconsider its prior ruling.

Nevertheless, a party may move to unseal documents at any stage of the case if there is no longer good cause to keep the documents under seal. Accordingly, the court treats Plaintiffs' motion as a motion to unseal and considers whether good cause exists to maintain the exhibits under seal at this stage.

Court filings in this district are "presumptively open to the public," and "[t]he sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof . . . is highly discouraged." DUCivR 5-3(a)(1). However, the court may permit documents to be sealed on "a showing of good cause." *Id.* It is within the court's discretion to seal documents where "the public's right of access is outweighed by competing interests." *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotation marks omitted). "To overcome [the] presumption against sealing, the party seeking to seal records 'must articulate a real and substantial interest that justifies depriving the public of access to the records that inform

our decision-making process.'" *Id.* (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011)).

The public interest in access to court documents is not automatically extinguished when claims are dismissed. Therefore, contrary to Scottsdale's argument, Plaintiffs' request to unseal the exhibits is not moot. Likewise, Plaintiffs' reliance on the court's prior order denying a motion to strike allegations from the pleadings is unavailing, because the legal standards and policy considerations applicable in that order differ from the standards applicable to motions to seal. (*See* Mem. Decision and Order, Doc. No. 30.)

In determining whether good cause exists to keep the exhibits sealed, the court need not determine whether the exhibits contain privileged communications, but merely whether there is an interest in confidentiality which outweighs the public's right of access to the documents. The exhibits contain detailed descriptions and reproductions of communications between Florida counsel, Scottsdale, and Plaintiffs related to the Florida case. Regardless of the precise nature of the tripartite relationship between the parties, it is apparent (and Plaintiffs do not dispute) the exhibits reflect confidential communications regarding legal issues in that case which were not intended to be shared with outsiders to the relationship. As a party to those confidential communications, Scottsdale has an interest in protecting them from disclosure to the general public. Plaintiffs have not articulated why these documents need to be made public, apart from referencing general principles regarding public access to the courts. At this stage of the case, however, the public interest in accessing these exhibits is low. The exhibits were not filed in conjunction with dispositive motions, but merely discovery disputes regarding claims which have now been dismissed. Moreover, the exhibits were irrelevant to the dismissal order, which was based on the sufficiency of the pleadings. (*See* Order Granting in Part and Den. in Part

Def.'s Mot. for J. on the Pleadings, Doc. No. 112.) Thus, the exhibits were not used to determine the parties' substantive legal rights. *Cf. Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) ("[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." (alteration in original; citation omitted)). Given the procedural posture of the case, Scottsdale's interest in maintaining the confidentiality of communications in the Florida case outweighs any public interest in accessing the exhibits. For these reasons, good cause exists to maintain the documents under seal at this time.

This calculation may change if, as Plaintiffs argue, Plaintiffs' dismissed claims are reinstated at some point in the future. Should this occur, a new motion to unseal may be filed, and the court will consider the issue based on the changed circumstances of the case. At this stage, however, the exhibits shall remain sealed. Plaintiffs' motion (Doc. No. 110) is DENIED.

DATED this 10th day of May, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge